## COMMONWEALTH *vs.* AUGUSTUS BAKER.

An indictment on *St.* 1852, *c.* 322, § 12, for being a common seller of spirituous and intox-icating liquors, need not allege that it was found at the instance or upon the application of any city or town officer, nor that it is prosecuted for the benefit of any town.

INDICTMENT on *St.* 1852, *c.* 322, § 12, for being a common seller of spirituous and intoxicating liquors in Medford.

The defendant, after conviction in the court of common pleas, moved in arrest of judgment, " because it nowhere appears, in and by the indictment aforesaid, that the same was found or procured at the instance or upon the application of the select-men of said town or any one of them, or of any other officer of said town; or that the same was or is prosecuted for the benefit or in behalf of said town, or of any town or city in this commonwealth." *Perkins*, J. reserved the question arising upon this motion for the consideration of this court.

*J. H. Clifford*, (Attorney General,) for the Commonwealth.

*J. G. Abbott*, for the defendant, cited *Rex* v. *Corden*, 4 Bur. 2279; *The King* v. *Daman*, 2 B. & Ald. 378, and 1 Chit. R. 147; *The King* v. *Smith*, 5 M. & S. 133.

METCALF, J. We know of no principle or precedent that will sustain this motion. This is an indictment on § 12 of *St.* 1852, *c.* 322, and charges the defendant with having been a common seller of spirituous and intoxicating liquors, without legal authority. The same section provides that the penalties therein prescribed may be recovered before any court of competent jurisdiction, by indictment, or by action of debt brought in the name of the city or town where the offence was committed. But that section contains no provision that those penalties, when recovered by indictment, shall go to any town or city; though § 8 provides that the penalties prescribed by § 7 for unwarranted single sales, whether recovered by action of debt brought in the name of the city or town where the offence was committed, or by complaint before a justice of the peace or judge of a police court, shall go to the town or city where the convicted party resides. The eighth section also makes it the duty

of the mayor and aldermen of any city, and of the selectmen, or any one of them, of any town, to commence *an action*, in behalf of said city or town, against any person guilty of a violation of any of the provisions of the act. But a prosecution by indictment is not, in any case, left to the will of cities or towns, or city or town officers. It is to be in the name of the Commonwealth, on presentment by a grand jury, and under the management of the attorney general or a district attorney. Whether, therefore, an indictment on § 12 is or is not found "at the instance or upon the application" of any town or city officer, is immaterial. For the penalty, that may be recovered, on conviction, must, in either case, go to the same party, to wit, to the Commonwealth; neither that section nor any other statute having directed otherwise. *St.* 1839, *c.* 135. And if it had been averred in this indictment, that it was prosecuted "for the benefit" of any town, the averment would not have been true.

The authorities cited for the defendant, in support of his motion, are summary convictions before magistrates, on informations for the recovery of penalties, or the forfeiture of goods, under the provisions of acts of parliament. Such informations resemble not only an indictment, but also an action *qui tam*, in which the informer must show the forfeiture and the appropriation of it. 4 Mass. 465. Hence, when a penalty is given by statute to the party aggrieved, it is necessary that it should appear in the information, either that he is the informer, or that the information is exhibited at his instance. So, when a penalty, or any part of it, is given to the informer, his name must be stated in the information. See the form in 2 Chit. Crim. Law, 11. And when a statute directs that certain property shall be forfeited to him who shall seize it, the information must show that he, to whom the property is adjudged, is the person who seized it. The reasons on which these decisions are founded are not applicable to this indictment.

*Motion overruled.*